Miriam R. Holmes, Washington, D.C., for District of Columbia.

Kathleen A. Flynn, Washington, D.C., with whom was Asst. Atty. Gen. J. Paul McGrath, Washington, D.C., for defendant.

## C.P. SQUIRE CONTRACTORS, INC.
### v.
### The UNITED STATES.
### No. 457–77.
United States Claims Court.

Nov. 5, 1982.

### ORDER

WILLI, Judge.

On June 10, 1982 the undersigned entered a self-explanatory order under Rule 13(a) of the Rules of the United States Court of Claims. The order, requiring plaintiff in the first instance to address certain specified questions, did not include the certification authorized by Rule 53(c)(2)(i) of those

rules. On June 28, 1982 plaintiff sought review of that order. By an order of September 10, 1982 the court denied review on the ground that, there having been no certification by the trial judge, plaintiff's showing failed to meet the requirements of Rule 53(c)(2)(ii) for interlocutory review.

On October 18, 1982 plaintiff filed a motion for an amendment of the Rule 13(a) order to add the certification under Rule 53(c)(2)(i) that was previously omitted. In support of the relief sought plaintiff represents that failing reversal of the order appealed from it "will have little or no true incentive to continue this litigation since full recovery on the remaining viable claims would represent less than 10% of its total claim." Motion for Order to Amend Rule 13 Order, filed October 18, 1982, pp. 2–3.

The time for response to the pending motion has now expired and defendant has not been heard from. Moreover, plaintiff has not proffered compliance with the Rule 13(a) order within the 30 days alloted for such; following the court's denial of the earlier request for review on September 10, 1982.

Insofar as here relevant, the interlocutory review jurisdiction of the United States Court of Appeals for the Federal Circuit is defined by 28 U.S.C. § 1292(d)(2) providing:

When any judge of the United States Claims Court, in issuing an interlocutory order, includes in the order a statement that a controlling question of law is involved *with respect to which there is a substantial ground for difference of opinion* and that an immediate appeal from that order may materially advance the ultimate termination of the litigation, the United States Court of Appeals for the Federal Circuit may, in its discretion, permit an appeal to be taken from such order, if application is made to that Court within ten days after the entry of such order. (Emphasis added.)

Being unable to express the belief that there is a substantial ground for difference of opinion as to the correctness of the Rule 13(a) order of June 10, 1982, I cannot make the statement that is a jurisdictional prerequisite to the review that plaintiff seeks. Nonetheless I credit plaintiff's representation that if that order remains intact the potential for recovery is so limited as to remove incentive to continue the litigation.

In the above circumstances, including plaintiff's failure to timely comply with the order that it wishes to challenge, I have concluded that the litigation should now be terminated by a final and appealable order.

IT IS THEREFORE ORDERED that the complaint herein be DISMISSED.